Carmen Victoria Lezana ROXAS, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72799.

Agency No. A70–015–524.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2003.*

Decided Nov. 17, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard M. Loew, Aquino & Aquino, Covina, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Edward C. Durant, Esq., Office of Immigration Litigation, Washington, DC, for Respondent.

Before HALL, O'SCANNLAIN, Circuit Judges, and BROWN, District Judge.**

## MEMORANDUM ***

Carmen Roxas, a native and citizen of the Philippines, petitions for review of an order of the Board of Immigration Appeals (BIA) upholding an Immigration Judge's (IJ) denial of her request for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence and will reverse the BIA's determination only if the Petitioner shows the evidence compels such a result. *See Cruz–Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir.2000). We deny the Petition.

Because the parties are familiar with the factual and procedural history of this case, we will not recount it except as necessary to explain our decision.

We assume Roxas's testimony was credible because neither the BIA nor the IJ

---

** The Honorable Anna J. Brown, United States District Judge for the District of Oregon, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

made an adverse credibility finding. *See Kataria v. INS*, 232 F.3d 1107, 1113–14 (9th Cir.2000).

Roxas first argues the BIA erred when it determined Roxas did not establish that she had suffered past persecution. Roxas points out "two attempts on her life were made," and she "continues to receive death threats" from the New People's Army (NPA).

This Court has defined persecution as an "extreme concept" that includes the "infliction of suffering or harm." *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998). *See also Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997). "Our court generally treats unfulfilled threats, without more, as within that category of conduct indicative of a danger of future persecution, rather than as past persecution itself." *Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (citations omitted). "In certain extreme cases, we have held that repeated and especially menacing death threats can constitute a primary part of a past persecution claim, particularly where those threats are combined with confrontation or other mistreatment." *Id.* (citations omitted). "Threats standing alone, however, constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm,'" *Id.* (citations omitted).

■ Roxas did not offer any evidence of actual suffering or harm caused by the threats. *Compare Borja v. INS*, 175 F.3d 732, 736 (9th Cir.1999) (NPA threatened petitioner with a gun and then cut her shoulder with a knife). The gunshots fired at Roxas's student group and the knife-wielding man attacking the group were undoubtedly frightening. The attacks, however, were on the group rather than on Roxas singularly, and no one was physically harmed. The attackers were not appre-

hended, and it is unknown whether the attackers were part of the NPA. According to Roxas, the written death threats continued on a regular basis for over ten years, but no harm resulted from these repeated threats. Roxas did not present any evidence that the threats escalated or were disruptive to Roxas's family members, who have continued to reside in their home. Without more, therefore, these threats do not constitute past persecution. *Compare Lim*, 224 F.3d at 936 *with Ruano v. Ashcroft*, 301 F.3d 1155, 1162 (9th Cir.2002) (court found past persecution when petitioner was "closely confronted" and put in harm's way on numerous occasions by men drawing weapons in petitioner's presence).

■ Roxas next argues the BIA erred when it determined Roxas did not establish an objectively reasonable fear of future persecution. A well-founded fear of persecution must be both subjectively genuine and objectively reasonable. *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998).

Roxas satisfied the subjective prong because she testified credibly. Substantial evidence, however, supports the BIA's conclusion that Roxas's fear of persecution was not objectively reasonable. Roxas testified the death threats continue to this day, but she did not offer any evidence that the threats specifically targeted her for her political opinions or that the threats were likely to be carried out. Roxas testified she believed the activities of the NPA were on the rise, but the BIA noted the Amnesty International report submitted by Roxas indicates the NPA and the Philippine government are participating in negotiations for a peace agreement and most of the current abuses are committed by the government's security forces and Muslim armed groups. Roxas was a student member of the Civilian Home Defense Force for a year and a half. She left the country over 13 years ago. There is

no evidence that Roxas is a person of particular interest to the NPA or that she would be singled out for her political opinions. *See Cruz–Navarro,* 232 F.3d at 1029.

■ Finally, Roxas argues that she was penalized for her failure to provide corroborating evidence. She was not. The Board merely upheld the IJ's determination that Roxas's credible testimony standing alone did not establish past persecution or a well-founded fear of future persecution.

Roxas necessarily failed to meet the higher standard for withholding of removal because she failed to meet the standard for asylum. *Rivera–Moreno v. INS,* 213 F.3d 481, 487 (9th Cir.2000).

The Petition for Review is DENIED.